IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Criminal No. 3:94cr94
     Civil Action No._____

ELAN LEWIS

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 2, 1999, the Court denied on the merits a motion pursuant to 28 U.S.C. § 2255 filed by Elan Lewis. On February 27, 2013, the Court received a "Motion for Leave to File 'Relation Back Amendment' and/or 'Supplemental Pleading'" ("Motion") (ECF No. 199) from Lewis. As explained below, the Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Lewis absent authorization from the United

States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has held that inmates may not avoid the bar on collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Lewis seeks to "amplify the record and demonstrate prejudice" for claims previously denied on the merits. (Mem. Supp. Mot. 3.) Lewis's current motion challenging his conviction and sentence falls squarely within the ambit of 28 U.S.C. § 2255(a). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (explaining that an allegation "that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief") The Clerk will be DIRECTED to file the Motion as an unauthorized successive motion under 28 U.S.C. § 2255. The action will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Lewis has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/25/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge