IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:94cr94**

**ELAN LEWIS**

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 2, 1999, the Court denied on the merits a motion pursuant to 28 U.S.C. § 2255 filed by Elan Lewis. On July 19, 2013, the Court received a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Mot.," ECF No. 205.)[1] Lewis seeks reconsideration of the Court's June 26, 2013 Memorandum Opinion and Order dismissing his "Motion for Leave to File 'Relation Back Amendment' and/or 'Supplemental Pleading'" (ECF No. 199) as a successive, unauthorized 28 U.S.C. § 2255 motion.

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Lewis fails to demonstrate any basis for granting relief under Rule 59(e). Instead, Lewis argues that the Court erred in construing his "Motion for Leave to File 'Relation Back Amendment' and/or 'Supplemental

---

[1] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Pleading'" as a successive, unauthorized 28 U.S.C. § 2255 motion and attempts to relitigate that motion. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). Accordingly, Lewis's Rule 59(e) Motion (ECF No. 205) will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Lewis has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3/25/14
Richmond, Virginia

/s/ /g. /.
John A. Gibney, Jr.
United States District Judge

2