IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ELAN CHRISTOPHER LEWIS,

    Petitioner,

v.                                                                  Criminal Action No. **3:94CR94**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 2, 1999, the Court denied Elan Christopher Lewis's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). *See United States v. Lewis*, No. 3:94CR94, 2013 WL 12218808, at *1 (E.D. Va. June 26, 2013). Since that date, Lewis has continued to file challenges to his conviction and sentence. On February 15, 2018, Lewis submitted a "MOTION TO RE-OPEN AND/OR RECONSIDER," wherein he requests that the Court reconsider its denial of his § 2255 Motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion," ECF No. 264.).[1] On June 29, 2018, Lewis filed a Motion to Withdraw the Rule 60(b) Motion. (ECF No. 266.) On June 5, 2018, the Court received yet another "MOTION TO RE-OPEN AND/OR RECONSIDER," that is also a Rule 60(b) motion. ("Second Rule 60(b) Motion," ECF No. 266). For the reasons stated below, Lewis's Motion to Withdraw the Rule 60(b) Motion will be denied,

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    . . . .
    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

and both the Rule 60(b) Motion and the Second Rule 60(b) Motion will be denied as untimely.

In his Rule 60(b) Motion and Second Rule 60(b) Motion, Lewis requests that the Court vacate the denial of his § 2255 Motion due to extraordinary circumstances. (Rule 60(b) Mot. 1; Sec. Rule 60(b) Mot. 1.)[2] A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Lewis was required to file his motion within a reasonable time after the entry of the July 2, 1999 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Lewis's Rule 60(b) Motion and his Second Rule 60(b) Motion, filed over eighteen years after the entry of the challenged judgment, were not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)).

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Lewis's motions.

2

Instead of arguing why his Rule 60(b) Motion and Second Rule 60(b) Motion should be considered timely, Lewis essentially argues that the Court should have conducted an evidentiary hearing before denying his § 2255 Motion. (*See* Rule 60(b) Mot. 4–11; Sec. Rule 60(b) Mot. 4–7.) Thus, Lewis fails to offer any persuasive argument as to why this Court should find that his Rule 60(b) Motion or Second Rule 60(b) Motion were filed within a reasonable time. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary, not jurisdictional). Lewis also fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of his § 2255 Motion.[3] Accordingly, Lewis's Rule 60(b) Motion (ECF No. 264) and Second Rule 60(b) Motion (ECF No. 267) will be DENIED. Lewis's Motion to Withdraw the Rule 60(b) Motion (ECF No. 266) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: 7/14/18
Richmond, Virginia

---

[3] From what the Court can discern, Lewis argues in his Rule 60(b) Motion that extraordinary circumstances exist because his § 2255 Motion should not have been denied without an evidentiary hearing to determine credibility issues between his former counsel and himself over his habeas claims of ineffective assistance of counsel. (Rule 60(b) Mot. 4–11.) Lewis simply fails to demonstrate extraordinary circumstances that warrant vacating the Court's denial of his § 2255 Motion. Moreover, the Fourth Circuit instructs that even if extraordinary circumstances exist, a movant must still meet Rule 60(b)'s requirement of timeliness. *See Moses v. Joyner*, 815 F.3d 163, 166–68 (4th Cir. 2016). Because Lewis waited over eighteen years after the dismissal of his § 2255 Motion to bring his Rule 60(b) Motion and his Second Rule 60(b) Motion, his motions are untimely. *See id.* at 166 (explaining that because petitioner waited two-and-a-half years after the change in habeas law to bring his Rule 60(b) motion, his motion was untimely).

3